|2PARRO, Judge.
Certain legatees named in the statutory-will of Raphael Elmo Del Buno, Sr. appeal from the trial court’s judgment declaring that Elmo Ralph Del Buno, Jr. was a forced heir of the succession, allowing him to collect his forced portion, and ordering collation of lifetime gifts. For the following reasons, this court reverses the trial court’s judgment.

Facts

Raphael Elmo Del Buno, Sr. (“the testator”) died on May 14,1993, and left a last will and testament dated December 4,1990. The will was in statutory form and bequeathed his entire estate to Cherrie Quave Spencer (the testamentary executrix) and four of his children (Elda D. Manale, Judith D. Conino, Richard J. Del Buno, and Raphael Elmo Del Buno, Jr.). In addition to the four children named as legatees, the testator was also the father of Elmo Ralph Del Buno, Jr. (“Ralph”), who was born to the testator’s marriage with Gloria Rand. Regarding this fifth child’s right of inheritance, the will provided as follows:
I have intentionally not included Ralph Del Buno and exclude him from inheritance of a portion of my estate pursuant to Louisiana Civil Code Article 1493 et seq[.], due to the fact that such child has failed to contact the declarant without just cause or communicate with same for a period in excess of two years.
After the testator died in 1993, the testamentary executrix filed a petition for probate of the statutory testament. In this action, Ralph filed a petition of intervention challenging the validity of the disinherison provision and asking to be recognized as a forced heir, who would be entitled to his forced portion of the testator’s estate and who would have a right of collation.
After a hearing, the trial court found that the testator did not seek to establish any type of meaningful relationship with Ralph after his divorce from Ralph’s mother and that any attempts by Ralph to contact his father would have been futile. Based on these findings, a judgment was entered declaring that Ralph was a forced heir, recognizing his right to collect his forced portion, and ordering collation of lifetime gifts. From this judgment, certain legatees (namely, Elda D. Manale, Judith D. Conino, Richard J. Del Buno, and Raphael Elmo Del Buno, Jr.) have appealed.
| ¿Standard of Review
A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding which is manifestly erroneous or clearly wrong. See Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 882, n. 2 (La.1993). Before an appellate court may reverse a factfinder’s determinations, it must find from the record that a reasonable factual basis does not exist for the findings and that the record establishes that the findings are clearly wrong (manifestly erroneous). Id. at 882; see Mart v. Hill, 505 So.2d 1120, 1127 (La.1987).

Validity of the Disinherison Provision

The legatees contend that Ralph, the disinherited heir, failed to show the cause stipulated for disinherison did not exist, the testator and Ralph reconciled after the execution of the will, or Ralph had just cause for his failure to communicate. On the other hand, Ralph contends he sufficiently proved his failure to communicate with the testator was with just cause.
Subject to exceptions which are inapplicable in this case, LSA-C.C. art. 1621(12) allows a parent to disinherit a child who has known how to contact the parent, but has failed without just cause to communicate with the parent for a period of two years after attaining the age of majority. Under LSA-C.C. art. 1624, the disinherited forced heir has the burden of proving that the cause stipulated for the disinherison did not exist or the forced heir reconciled with the testa *174 tor after the act or circumstances alleged to constitute the cause for disinherison. With respect to the latter burden of proof, Ralph failed to prove a reconciliation with the testator.
Regarding the disinherited child’s right to prove the cause stipulated for disin-herison did not exist, LSA-C.C. art. 1621(12) has been interpreted to provide the disinherited child the opportunity to challenge the validity of the testamentary provision by showing that “just cause” existed for not communicating with the parent. Succession of Cure, 633 So.2d 590, 593 (La.App. 1st Cir.1993). Although the burden of making the effort to communicate is placed on the child, if attempts by a child to communicate with his parent are futile, his failure thereafter to communicate with the parent is with just |4cause. Succession of Bertaut, 572 So.2d 142, 147 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1111 (La.1991). Therefore, we must determine if Ralph has escaped disinherison by proving that his failure to communicate with his father was with just cause because an attempt to communicate would have been futile.
At trial, Ralph admitted that he had not communicated with his father in the last two years of his father’s life. Nonetheless, he contends that his failure to communicate was with just cause because his father abandoned him when his mother and father separated in 1962 at which time he was 11 or 12 years old. The testator did not pay child support once he and Ralph’s mother separated. Ralph was supported by his mother, great aunt, and great uncle. According to Ralph, he did not contact or attempt to contact his father because his father never talked to him, except on one occasion when the testator contacted him twenty years prior to his death because a visiting uncle inquired about seeing Ralph. The only other contacts between Ralph and his father since 1962 occurred when the two passed each other on the highway or in public places. However, in the last few years prior to the testator’s death, Greenbriar, a mental health facility, contacted Ralph to inform him of the testator’s whereabouts.
Regarding the proof of just cause, the law places the burden of communicating on the child who knows how to contact the parent. See LSA-C.C. art. 1621(12). It is only when such an attempt would be futile that a child is relieved of the responsibility of attempting to communicate with a parent. Succession of Bertaut, 572 So.2d at 147. In this case, there is no evidence Ralph ever made an attempt to contact his father, even after being notified by Greenbriar of his father’s whereabouts. Although the record does not reveal the circumstances leading up to the contact by Greenbriar, this contact (apparently initiated at his father’s request) informed Ralph as to how to contact his father and afforded Ralph an opportunity to determine if attempts to communicate would have been futile.[1] After reviewing the evidence presented, we find no proof that an attempt Iswould have been futile or a vain and useless act.[2] The testator apparently never tried to establish a relationship with Ralph, but this does not in and of itself mean an effort by Ralph to communicate with his father would have been futile.
Therefore, we conclude there was no reasonable factual basis to support the trial court’s finding that Ralph proved his failure to communicate with his father under the particular facts and circumstances in this case was with just cause. We further conclude the trial court’s determination to the contrary was clearly wrong.

Decree

For the foregoing reasons, the judgment of the trial court is reversed, and this matter is remanded for proceedings consistent with *175 this opinion.[3] Costs of this appeal are assessed to Elmo Ralph Del Buno, Jr.
REVERSED AND REMANDED.

. Ralph testified that Greenbriar's representative called him because his father wanted him to know that he was in the facility. The testator’s other children were also contacted.

. This case is distinguishable from the facts presented in Succession of Bertaut in which the disinherited forced heirs apparently had made efforts to communicate with their father, but to no avail.

. In light of this ruling, we pretermit discussion of the issue regarding the collation of lifetime gifts.